BYRON MACK,                          §
                                     §
                                     §
    Plaintiff,                       §
                                     §
v.                                   §    CIVIL ACTION NO. 3:17-CV-2680-B
                                     §
PLAZA HOME MORTGAGE, INC., and       §
TUESDAY REAL ESTATE, LLC,            §
                                     §
    Defendants.                      §

## MEMORANDUM OPINION ORDER

Before the Court is Plaintiff's Motion to Remand. Doc. 10. For the reasons that follow, the

Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This case arises out of a foreclosure dispute. Plaintiff Byron Mack defaulted on his mortgage,

resulting in foreclosure by his lender, Defendant Plaza Home Mortgage, Inc. (Plaza). Defendant

Tuesday Real Estate, LLC (TRE) purchased Mack's home at the foreclosure sale. In August 2017,

Mack filed this wrongful-foreclosure suit in Dallas County Court at Law No. 5. About a month later,

Plaza removed the case to this Court based on diversity jurisdiction. Doc. 1, Notice of Removal.

There is no dispute concerning the parties' state citizenship: Mack and TRE are Texas citizens and

Plaza is a California citizen. The parties are not completely diverse as presently constituted because

---

[1] The facts included in this Order are primarily drawn from Plaintiff's Verified Original Petition
(Doc. 1-3) and Defendant's Notice of Removal (Doc. 1) and are undisputed.

Mack, the plaintiff, and TRE, a defendant, are both Texas citizens. Plaza recognizes this, but argues TRE was improperly joined, so it should not count as a party in the Court's diversity-jurisdiction analysis. *Id.* at 3–4. And without TRE, Mack and Plaza are completely diverse, meaning Plaza would be entitled to remove the case to this Court. *Id.*

The Court ordered the parties to show cause "why this case should not be dismissed for lack of subject matter jurisdiction." Doc. 5, Order. Specifically, the Court asked the parties to address whether TRE was improperly joined. *Id.* The parties responded. Docs. 7–9. Mack then filed a motion to remand the case, Doc. 10, which is now ripe for resolution.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* Plaza is that party here.

*A. Removal Jurisdiction*

The federal removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove any civil action to federal court if that action falls within the district court's original jurisdiction. This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But to invoke the statute, the parties must be completely diverse, meaning "each plaintiff must be of a different citizenship than each defendant." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d

1173, 1177 (5th Cir. 1984).

*B. Improper Joinder*

If an in-state defendant is improperly joined, a court may disregard the in-state defendant's citizenship for the purpose of determining whether there is complete diversity. *Cuevas v. BAC Home Loans Serv.*, LP, 648 F.3d 242, 249 (5th Cir. 2011). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Id.*

To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. Ry. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Plaza asserts only the second method, under which the removing party meets its burden by showing that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Courts resolve whether a plaintiff has met his burden in one of two ways. The first is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the in-state defendant. *Id.* The second is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id.* The latter approach, however, is appropriate only where the evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id.* Defendants do not argue that a Rule 56-type analysis should be used, so the Court finds it appropriate to proceed with a Rule 12(b)(6)-type analysis of Plaintiff's Original Petition.

*C. Rule 12(b)(6) Analysis*

Federal pleading standards apply when conducting a 12(b)(6)-type analysis of a petition originally filed in Texas state court. *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818

F.3d 193, 207–08 (5th Cir. 2016).

Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In summary, to determine whether TRE destroys diversity, the Court must decide whether Mack improperly joined TRE. To do that, the Court evaluates Mack's claims against TRE under 12(b)(6); if Mack states a claim against TRE, then TRE was properly joined and the Court must remand for lack of diversity jurisdiction.

## III.

## ANALYSIS

Mack presents two claims against TRE: quiet title and trespass to try title. Doc. 10, Pl.'s Mot. to Remand, 1–2; *see also* Doc. 1-3, Pl.'s Compl., ¶¶ 62–66. A plaintiff in Texas states a quiet-title claims if he demonstrates "(1) an interest in a specific property, (2) title to the property is affected

by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.).

Mack argues he has stated a quiet-title claim against TRE; he alleges he has an interest in the foreclosed home by living in it, and TRE wrongfully obtained title to his home because Plaza did not strictly comply with foreclosure notice provisions of the deed of trust and the Texas Property Code. Doc. 10, Pl.'s Mot. to Remand, 5; *see also* Doc. 1-3, Pl.'s Compl., ¶¶ 56, 65. Plaza contends that Mack cannot state a quiet-title claim based on improper notice because Mack admits he received notice. Doc. 9, Def.'s Resp., 4–5; *see* Doc. 1-3, Pl.'s Compl., ¶ 17. But the basis for Mack's quiet-title claim is not a lack of notice, but a lack of *proper* notice. And it is Plaza who bears the heavy burden of proving Mack cannot possibly recover from TRE. *Smallwood*, 385 F.3d at 573. Plaza has not demonstrated that the notice was proper other than by saying that Mack received it. And because there are factors other than whether the notice was delivered that may govern whether the notice was proper, the Court concludes Mack has stated a quiet-title claim against TRE, or put another way, that "there is [a] reasonable basis for the district court to predict that [Mack] might be able to recover against" TRE. *Id.* This means the parties are not completely diverse and the Court does not have jurisdiction.[2]

## IV.

## CONCLUSION

The Court concludes that Mack has stated a quiet-title claim against TRE, so TRE is a proper

---

[2] The Court need not address whether Mack has stated a trespass-to-try-title claim against TRE because the existence of one valid claim against TRE makes TRE a proper diversity-destroying defendant.

defendant in this case. Because TRE and Mack are both Texas citizens, the Court does not have diversity jurisdiction. Therefore, the Court **GRANTS** Mack's Motion to Remand. Doc. 10.

**SO ORDERED.**

**SIGNED: November 15, 2017.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE